IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RALPH CARTER,                           )
        Plaintiff,                    )
                                      )
        v.                            )   C.A. 06-64
                                      )
COMMISSIONER OF                         )
SOCIAL SECURITY,                        )
        Defendant.                    )

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the defendant's motion for summary judgment (Docket No. 18) be granted; that the decision of the Commissioner be affirmed and that judgment be entered accordingly.

II. Report

Presently before the Court for disposition are cross motions for summary judgment.

On January 20, 2006, Ralph Carter acting pro se, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

The instant application for Supplemental Security Income Benefits was filed on October 23, 2003 (R.40-52). On January 27, 2004, benefits were denied (R.26-29). On February 19, 2004, the plaintiff requested a hearing (R.30) and pursuant to that request a hearing was held

on November 23, 2004 (R.196-215).  In a decision filed on September 13, 2005, an Administrative Law Judge denied benefits (R.7-16), and on September 28, 2005, the plaintiff requested reconsideration of that determination (R.6).  On November 2, 2005, the Appeals Council affirmed the prior determination (R.3-5).  The instant complaint was filed on January 20, 2006.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act.  Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994).  To be eligible for such benefits,

an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

>As set forth in 20 C.F.R. § 416.905(a) disability is defined as:
>
>the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
>
>In addition, a person will be considered disabled if he/she is
>
>(a) ... permanently and totally disabled as defined under a State plan approved under title XIV or XVI of the Social Security Act, as in effect for October 1972; (b) ... received aid under the State plan ... for the month of December 1973 and for at least one month prior to July 1973; and (c) ... continue[s] to be disabled as defined under the State plan.

20 C.F.R. § 416.907.

>A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:
>
>impairment [which] result[s] from anatomical, physiological, or psychological abnormalities which [are demonstrated] by medically acceptable clinical and laboratory diagnostic techniques.

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

At the hearing held on November 23, 2004 (R. 196-215), the plaintiff appeared with counsel (R.198) and testified that he was born on June 27, 1946 (R.202); that he earned an associate's degree (R. 202); that he worked sporatically and had not worked since 2003 (R.203-204) and that he is receiving public assistance (R.202).

The plaintiff also testified that he attends a weekly group cognitive therapy program (R. 204-205); that he sleeps for about three hours a night (R. 207); that he takes

medication for sleep and depression (R. 207-209); that he has a bladder control problem (R. 209) and that he lacks energy (R. 211).

At the hearing a vocational expert was called upon to testify (R. 212-214). The witness was asked to assume an individual of the plaintiff's age and educational experience without any physical limitations who is limited to simple, repetitive tasks with little public interaction or stress and testified that there were a large number of jobs such an individual could perform (R. 212-213). However, the witness also testified that if the individual missed a considerable amount of work or required excessive breaks, he would not be employable (R. 213).

In addition, certain other evidence was considered.

In a report of a psychiatric evaluation conducted on May 29, 2003, it is noted that the plaintiff had received prior treatment for alcoholism and a diagnosis of alcohol dependence in partial remission and panic disorder with agoraphobia was made. Medication and alcohol abstention were recommended (R. 92-108).

The plaintiff was treated by Dr. Rupinde Sandhu between November 2000 and October 2003 for general medical needs including elevated blood pressure, gastric reflux, urinary incontinence and alcohol abuse (R. 110-133).

In a report of a psychological evaluation conducted on January 12, 2004, Marvin D. Wheeler, Ph.D. diagnosed depression, anxiety and a personality disorder. He indicated that the plaintiff would have difficulty dealing with the stress and pressure of work (R.135-140).

In a psychiatric review completed on January 20, 2004, Richard Heil, Ph.D. noted that the plaintiff's symptoms would have a moderate impact on the his functioning. It was also noted that the findings did not meet the disability criteria (R. 141-152).

In a mental residual capacity assessment completed on January 20, 2004, Richard Heil, Ph.D. concluded "the limitations resulting from the impairments do not preclude the claimant from meeting the basic mental demands of competitive work on a sustained basis." In addition to slight mental limitations, alcohol dependency was also noted (R. 153-157).

In a residual physical capacity evaluation completed on January 21, 2004, no limitations were reported (R. 158-165).

The plaintiff was treated by Dr. Rupinde Sandhu between March 28, 2004 and September 7, 2004 for various ailments (R. 166-177).

The plaintiff was treated at Allegheny East MH/MR between April 26, 2004 and September 24, 2004 where the aim was to stabilize his depression (R. 178-184).

In a report of a psychological evaluation conducted on May 12, 2005, Stephen Perconte, Ph.D. reported that the plaintiff's prior diagnosis of post-traumatic stress syndrome was erroneous; that his main problem was alcohol abuse; that he experienced possible low levels of anxiety and it was concluded that the plaintiff had a mild lack of capacity to perform sustained tasks as a result of alcohol abuse (R. 185-195).

Based on the evidence presented, the Commissioner determined:

> [A]fter an independent review of the evidence, the Administrative Law Judge agrees with the January 2004, assessment ... that Mr. Carter's mental impairments impose no more than moderate restrictions on activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. Moreover, Dr. Heil found no evidence of any episodes of decompensation of extended duration during the period at issue, or a severe mental impairment lasting for 2 or more years with signs and symptoms continuing despite medication...
>
> Upon careful consideration ... the undersigned finds that the claimant has the residual functional capacity to perform work at any

>exertional level which is simple and repetitive; entails no more than incidental interaction with the public; requires only routine work processes and settings; no high quotas; which would allow for close proximity ... of restroom facilities...
>
>The record confirms Mr. Carter's long history of alcohol abuse ... In a January 2004, report of a consultative psychological evaluation, Marvin Wheeler, Ph.D., included diagnoses of depressive disorder, post-traumatic stress disorder, and personality disorder, but Dr. Wheeler's objective findings on examination reflected nothing that would preclude Mr. Carter from performing the mental demands of work with the accommodations specified [above]...
>
>A second consultative psychological evaluation ... after the hearing ... provided additional support for the conclusion that Mr. Carter could meet the mental demands of a wide range of work, that the claimant is not entirely compliant with his medication regime, and cast further doubt on the claimant's credibility...
>
>From a physical standpoint, aside from allegations of low "energy" and occasional incontinence, Mr. Carter alleged no particular limitations ...
>
>By the claimant's own reports he appears generally capable of performing a wide range of daily activities inconsistent with an individual who is totally disabled...
>
>It must be noted that Mr. Carter's life time work record is extremely poor, even prior to the time he stated that he became disabled, calling into question the claimant's motivation and desire to engage in regular and sustained work...
>
>Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience and residual functional capacity, the claimant has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate ... (R.12-16).

The record demonstrates that the plaintiff does not have any significant physical limitations which prevent him from engaging in substantial gainful activity. However, he is an

alcoholic and also suffers from some slight mental limitations. However, if employed under the conditions which the Administrative Law Judge set forth, there is nothing to suggest that he could not be gainfully employed if motivated to do so. For this reason, substantial evidence exists to support the Commissioner's conclusion that the plaintiff is not disabled.

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law.  <u>Biener v. Calio</u>, 361 F.3d 206 (3d Cir.2004).  In the instant case there are no material issues of fact in dispute, and the findings of the Commissioner are supported by substantial evidence. For this reason, it is recommended that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Entered: November 14, 2006.

Respectfully submitted,
s/Robert C. Mitchell,
United States Magistrate Judge